UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kenneth O'Rourke, et. al., <br><br>      Plaintiffs, <br><br>   v. <br><br>Kim VanHeel, et. al., <br><br>      Defendants. | Case No. 2:22-cv-00689-RFB-DJA <br><br>**TEMPORARY RESTRAINING ORDER** |

Before the court is pro se Plaintiffs Kenneth O'Rourke, Charleen Kurr-O'Rourke, and Kassidy O'Rourke's motion for preliminary injunction. ECF No. 2. This case was initiated on April 27, 2022. ECF No. 1. Plaintiffs bring a single Fair Housing Act claim against Defendants Kim Van Heel, Palm Hills HOA Board, Phoebe Fricke, Trish Hall, Joseph Yakubik, Joshua Dana, and Written Warfare Investments LLC-63 Blaven. Pro se pleadings are subject to liberal construction by the Court. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Given the nature and urgency of the relief requested in this case, the Court construes the Plaintiffs' motion for preliminary injunction as a motion for a temporary restraining order without notice to the adverse party. The Court will hereafter evaluate the motion accordingly.

A temporary restraining order may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is

necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

The Court finds that, based on the facts alleged in the Complaint and Motion for Temporary Restraining Order, "serious questions going to the merits" are raised by the motion. Alliance For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-1132 (9th Cir. 2011); see also Clear Channel Outdoor, Inc. v. City of L.A., 340 F.3d 810, 813 (9th Cir. 2003). For reasonable accommodation claims under the Fair Housing Act ("FHA"), unlawful discrimination includes a housing provider's "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B) (2009). A plaintiff must prove five elements to prevail on an FHA reasonable accommodation claim under § 3604(f)(3)(B): "(1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h) ("'Handicap' means, with respect to a person (1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment…"); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." Dubois v. Ass'n of Apartment Owners of Kalakaua, 453 F.3d 1175, 1179 (9th Cir. 2006) (citations omitted), cert. denied, 549 U.S. 1216 (2007); see also Sanzaro v. Ardiente

Homeowners Ass'n, LLC, 364 F. Supp. 3d 1158, 1163 (D. Nev. 2019). The Court finds that Plaintiffs' allegations provide a sufficient basis for a valid FHA claim. Plaintiffs allege that they have a handicap within the meaning of 42 U.S.C. § 3602(h) by alleging that Kenneth O'Rourke has a hearing disability and PTSD and that Kassidy O'Rourke has Type 1 Diabetes. Plaintiffs have alleged that retention of specifically designated service dogs is necessary to afford them an equal opportunity to use and enjoy their property. Plaintiffs have alleged that the accommodation is reasonable, and that Defendants have refused to make the accommodation by continually charging them "Failure to Provide Proof of Service Dog" fines. These allegations indicate that there are serious questions going to the merits of Plaintiffs' claim. Until these issues are resolved, the Court finds that it must issue a temporary restraining order to preserve the status quo. See generally Barahona-Gomez v. Reno, 167 F.3d 1228, 1234 (9th Cir. 1999).

It is well-established that the loss of an interest in real property constitutes an irreparable injury. Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1159 (9th Cir. 2011). Furthermore, the Ninth Circuit has found that individuals are likely to suffer irreparable harm absent preliminary relief when facing eviction. Id. Here, the Court finds that Plaintiffs will suffer irreparable harm if an injunction does not issue. The balance of equities weights in favor of Plaintiffs because the TRO staying or delaying eviction until Plaintiffs' legal rights can be determined does not substantially impair Defendants' ability to protect their interests in this case. And there is a strong public interest in fair, non-discriminatory housing and the validity of evictions. Thus, Plaintiffs' motion satisfies the requirements of a temporary restraining order.

The Court also finds that granting a TRO without written or oral notice to Defendant or his attorney is proper in this case. Plaintiffs have sworn to specific facts to show that injury, loss, or damage related to significant uncertainty around their living situation will result before the Defendants can be heard in opposition.

Federal Rule of Civil Procedure 65(c) provides that "The court may issue a…temporary restraining order only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A district court retains discretion "as to the amount of security required, if any."

Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). The court may dispense with the filing of a bond if "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003). Accordingly, the Court finds that a *de minimis* bond of $100 shall be required to be posted.

For the reasons stated,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction, ECF No. 2, construed by this Court to be a motion for a temporary restraining order is **GRANTED**. This Order shall remain in force for 14 days.

**IT IS FURTHER ORDERED** that any current eviction order, including any No-Cause Eviction order, pertaining to the Plaintiffs in this case is hereby **VACATED**. Defendants are **ORDERED** to refrain from reinitiating or otherwise pursuing any method of evicting Plaintiffs during the pendency of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Defendants with the complaint and this Order by **May 6, 2022**. Plaintiff shall file a notice or affidavit of service with the Court by **May 9, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay $100 to the Clerk of the Court by **May 6, 2022**, as security for this Temporary Restraining Order. Failure to make this payment will result in the Court dissolving this Order.

**IT IS FURTHER ORDERED** that Defendants shall file any response to Plaintiff's Application for Preliminary Injunction on or before **May 9, 2022**. The Court will provide details regarding a Preliminary Injunction hearing next week.

**DATED**: May 3, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**