UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Kenneth O'Rourke, et al., | Case No. 2:22-cv-00689-RFB-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Kim VanHeel, et al., | |
| Defendants. | |
| And related claims. | |

This matter is before the Court on the parties' status reports. (ECF Nos. 45, 47, 48, 49). The Court ordered the parties to file these reports after the case stagnated without a discovery plan. Now that pro se Plaintiffs indicate that they wish to continue litigating this action, the Court sets a deadline for the parties to conduct their scheduling conference and submit their discovery plan.

**I.      Factual background.[1]**

Plaintiffs the O'Rourke family—Kenneth, Cathleen, and Kassidy—began leasing their home at 63 Blaven Street in September of 2013. The home is located in a community with a Homeowners' Association—the Palm Hills HOA. The HOA Covenants, Conditions, and Restrictions state that a person can only have two animals of any kind per property. Plaintiffs had two pet dogs and two service dogs to help with Kenneth and Kassidy's[2] disabilities. Plaintiffs explain that from May of 2015 until August of 2019, they never received any complaints or concerns with the number of dogs on their property.

---

[1] These facts are taken from Plaintiffs' complaint (ECF No. 1) and are not intended to be findings of fact.

[2] Because Plaintiffs share a last name, when the Court refers to them individually, it does so by first name. The Court does this for clarity and not out of disrespect.

In 2019, Cathleen began helping her friend—Joann Clark—get a parking accommodation from the City of Henderson to accommodate Clark's disability. During the process, a Palm Hills HOA board member complained to the City of Henderson about the accommodation. Nonetheless, Cathleen persisted in helping Clark through the appeals process and was eventually successful in obtaining the accommodation for Clark. However, just three weeks later, Plaintiffs received a complaint from the Palm Hills HOA about the number of dogs on their property.

The Palm Hills HOA began assessing fines without advance notice against Plaintiffs, even after Plaintiffs attempted to inform the HOA that the additional dogs were service dogs. Plaintiffs then filed a complaint with the Nevada division of the U.S. Department of Housing and Urban Development on April 6, 2022. On April 14, 2022, Plaintiffs received a thirty-day no cause eviction notice, asserting that they had failed to pay fines related to the dogs and failed to provide proof that the dogs were service dogs.

## II.     Procedural background.

Plaintiffs filed their complaint and a motion for preliminary injunction in this Court on April 27, 2022. (ECF Nos. 1, 2). Plaintiffs sue Kim VanHeel; the Palm Hills HOA Board; Phoebe Fricke; Trish Hall; Joseph Yakubik; Joshua Dana; Written Warfare Investments, LLC – 63 Blaven; Colonial Property Management; and Assured Real Estate. (ECF No. 1). The Court granted the preliminary injunction on May 3, 2022, pausing eviction proceedings for fourteen days. (ECF No. 4).

Colonial Property Management, Palm Hills HOA, Hall, and VanHeel (the "HOA Defendants") answered the complaint on June 1, 2022, triggering the deadline by which the parties needed to file the stipulated discovery plan and scheduling order. (ECF No. 19). Assured Real Estate, Dana, Fricke, Written Warfare Investments LLC – 63 Blaven, and Yakubik (the "Management Defendants") moved to dismiss the complaint on June 1, 2022. (ECF No. 21).

On June 6, 2022, the Court held a hearing regarding the motion for preliminary injunction and motion to dismiss. (ECF No. 30). The Court stayed any discovery deadlines until it adjudicated the preliminary injunction, for which it set a briefing schedule. (*Id.*). And it denied

the motion to dismiss without prejudice. (*Id.*). The HOA Defendants filed a counterclaim against the Management Defendants on August 29, 2022. (ECF No. 39).

However, on August 7, 2022, the Plaintiffs indicated that they would move out of the subject premises by August 9, 2022. (ECF No. 38). The Court thus denied the preliminary injunction motion as moot on March 22, 2023. (ECF No. 42). After that date, no party filed anything further in the case until April 16, 2024, when the Court ordered the parties to file status reports. (ECF No. 43).

### III.     The parties' status reports.

On April 16, 2024, the Court ordered each party to file a status report on or before May 16, 2024 regarding why this case has stagnated since March 22, 2023. (ECF No. 43). The parties complied. Defendants indicate that they have not had any communications with Plaintiffs since, at the latest, June 26, 2023. (ECF No. 45). Cathleen asserts that in her June 26, 2023 email to counsel for the HOA Defendants she stated "I am more than willing to meet by email or phone to set up a scheduling conference." (ECF Nos. 47, 48, 49). Cathleen asserts that she has not heard from counsel for Defendants after that email.

It appears from Plaintiffs' status reports that Plaintiffs intend to continue litigating this case. Because Plaintiffs have initiated this case, it is up to them to initiate the scheduling of the conference required by Federal Rule of Civil Procedure 26(f). *See* Nevada Local Rule 26-1(a).[3] The Court will thus set a deadline for them to do so. Plaintiffs must initiate scheduling this conference. Then, the parties will have until July 15, 2024 to complete the conference and submit a stipulated discovery plan and scheduling order as required by Local Rule 26-1.

### IV.     Plaintiffs' address.

Plaintiffs have updated their addresses with the Court, but their update includes a typo. (ECF No. 46). In the body of their update, Plaintiffs list one of their addresses as 2729 Coventry Green Ave., Henderson, Nevada 89074. But in the top left corner, they list it as 2**4**29 Coventry

---

[3] This refers to the Local Rules for the United States District Court for the District of Nevada, which can be found online on the Court's website at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

Green Ave., Henderson, NV 89074.  The Plaintiffs must thus file a notice indicating which address is correct on or before July 15, 2024.

**IT IS THEREFORE ORDERED** that Plaintiffs must initiate scheduling the conference required by Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(a).  The parties will have until **July 15, 2024**, to conduct this conference and file a stipulated discovery plan and scheduling order.  **Failure to comply with this order may result in a recommendation of sanctions to the district judge.**

**IT IS FURTHER ORDERED** that the Plaintiffs must file a notice indicating which of the two addresses included on their notice of change of address is correct on or before **July 15, 2024.**  The Clerk of Court is kindly directed to send Plaintiffs a copy of this order at the addresses listed on the docket and at the below address:

**Kenneth O'Rourke et al**

2729 Coventry Green Ave.

Henderson, Nevada 89074

DATED: May 29, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE