CHARLEEN KURR O'ROURKE
KENNETH O'ROURKE
2729 Coventry Green Ave.
Henderson, Nevada 89074
Phone: (702) 677-1959
Email: ckurrorourke@gmail.com
*Pro Se Plaintiffs et al*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KENNETH O'ROURKE et al,<br><br>Plaintiffs,<br><br>vs.<br><br>COLONIAL PROPERTY MANAGEMENT LTD. et al,<br><br>Defendants. | Case No.: 2:22:00689-RFB-DJA<br><br><br><br>**DISCOVERY PLAN**<br>and<br>**SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Pursuant to the Court's Order (ECF No. 110), Federal Rule of Civil Procedure ("FRCP") 26(f) and U.S. District Court of Nevada Rule ("LR") 26-1(b), the parties through their respective counsel, hereby submit the following proposed *Discovery Plan and Scheduling Order*.

**I. SPECIAL SCHEDULING REVIEW STATEMENT**

A special review is requested because the parties collectively believe that 180 days will be insufficient time to complete discovery and that 360 days is necessary. The parties anticipate that additional time will be needed to obtain, review, and possibly retain experts, and given Plaintiff's disabilities, which have previously caused hospitalizations, Plaintiff's availability could impact the timing and ease of discovery.

1

## II. EARLY CASE CONFERENCE AND INITIAL DISCLOSURES UNDER FRCP 26(a)

A. **Early Case Conferences:** Pursuant to FRCP 26(f) and LR 26-1(a), on Thursday June 20, 2024, Pro Se litigant Charleen Kurr O'Rourke, and Patrick Orme Atty. For the Defendants Colonial Management LTD, and Palm Hills HOA et al, to discuss the relevant issues for discovery, and possible early resolution of the matter, and the *Proposed Discovery Plan and Scheduling Order*, contained herein.

**Initial Disclosures:** Pursuant to FRCP 26(a)(1), the parties will serve their initial disclosures by **Wednesday, August 14, 2024**. The parties believe a protective order is necessary to protect certain Confidential information, including Plaintiff's medical records, and they will prepare a stipulated protective order for review and approval by the Court. If the court doesn't hold a discovery conference before issuing a scheduling order than disclosures are due by Wednesday, August 14, 2025.

B. **Discovery and Areas of Discovery:** The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by FRCP 26(b), 30, 33, 34, and 36 should be permitted, subject to confidentiality and any protective orders approved by the Court. The parties also agree that service of discovery may be made by electronic means to the email addresses of the parties' counsel, with a copy to their designated legal assistants and need not be served by U.S. mail. As contemplated by LR 26-1(c), the parties agree that before moving for an order relating to discovery, the movant shall request a conference with the magistrate judge assigned to this case by filing a stipulated request in

accordance with service of discovery may be made by electronic means to the email addresses of the parties' counsel, with a copy to their designated legal assistants and need not be served by U.S. mail. As contemplated by LR 26-1(c), the parties agree that before moving for an order relating to discovery, the movant shall request a conference with the magistrate judge assigned to this case by filing a stipulated request in in accordance with LR IA 7-1(b).

**III. DISCOVERY PLAN**

**A. Discovery Cut-off Date**: The parties herein propose that the discovery period shall be 360 days until and including **Thursday, July 10, 2025** to complete discovery.

**B. Amending the Pleadings and Adding Parties**: Subject to Defendants' objections, the parties herein propose, unless otherwise provided and ordered by the Court, that the date for filing motions to amend the pleadings and add parties shall be ninety (90) days prior to the close of discovery, which date is **Wednesday April 9, 2025**.[1]

**C. Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: Subject to Defendants' objections, the parties herein propose that the disclosure of experts shall proceed according to FRCP 26(a)(2) and LR 26-1(b)(3). In this regard, the parties propose that the disclosure of primary or direct experts and their reports shall occur by **Friday May 9th, 2025**, which is sixty (60) days before the proposed date for the close of discovery. As well, the disclosure of rebuttal experts and their reports shall occur within thirty (30) days after the date on which the primary or direct expert disclosures are made, up to **Monday, June 9, 2025** (if the primary or direct expert disclosure was made on May 9, 2025), which is thirty (30) days after the deadline to disclose direct experts.

/ /

3

**D. Dispositive Motions**: The parties herein propose that the parties shall have until **Monday, August 11, 2025**,[2] to file dispositive motions, which is thirty (30) days after the proposed date for the close of discovery, as required by LR 26-l(b)(4). (August 9th was a Saturday so rolled forward to the next court day Monday, August 11, 2025.)

---

[2] Th Pursuant to FRCP 6(a)(1)(C), this deadline rolls forward until the next court business day, which is the date cited here, Monday, August 11, 2025.

**E. Joint Pretrial Order**: The parties herein propose that the parties will prepare a consolidated Pre-Trial Order on or before **Tuesday September 10, 2025**, which is not more than 30 days after the proposed deadline for filing dispositive motions in this case, as required by LR 26-l(b)(5). If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order, pursuant to LR 26-l(b)(5).

**F. Extensions or Modifications of the Discovery Plan and Scheduling Order**: Pursuant to LR 26-3, a motion or stipulation to extend a deadline set forth in a discovery plan must be received by the Court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the

failure to act was the result of excusable neglect.

G. **Electronically Stored Information and Form of Production**: The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored information may be produced in "pdf," "jpg"/"jpeg" format (for pictures), or paper form. Such production may be served by electronic means/email. Should there be any technical difficulties arise with these means, counsel will make good faith efforts to meet, confer, and resolve the difficulties. The parties have further agreed that, to the extent any party seeks electronically stored information that would be cumulative, burdensome, or unduly costly to produce, counsel for the parties will meet and confer in good faith to resolve any disputes.

H. **Alternative Dispute Resolution**: In compliance with LR 26-1(b)(7), the parties certify that they have conferred about using alternative dispute-resolution processes, including mediation, arbitration, and early neutral evaluation. The parties believe that this case might benefit from a mediation conducted by the Court utilizing a neutral magistrate under LR 16-5, Plaintiff's counsel believe that Plaintiff s will agree to and welcome such a mediation, and his counsel will make efforts to obtain his consent to such a mediation. Defendants 'counsel have conferred with their clients, and they agree that such a mediation might be beneficial at this time prior to incurring significant additional costs associated with discovery. Thus, the parties are requesting the Court to schedule a mediation, accordingly.

**I. Certification of Consideration of Trial by Magistrate Judge and the Short-Trial Program**: LR 26-1(b)(8) requires the parties to certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01). The parties herein certify that during their early case conference their counsel considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program. At this time, Plaintiff filed a jury demand and will not waive that right; no party will agree to the Short Trial Program. The parties at this time do not consent to trial by a Magistrate Judge.

**J. Presentation of Evidence in Electronic Format**: LR 26-1 requires the parties to certify that that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties herein certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. Discussions between the parties will be ongoing as the trial date approaches and any electronic evidence will be presented in a format compatible with the court's electronic jury evidence display system.

/ /

DATED July 15, 2024.

By: __Charleen Kurr ORourke_____
 *Charleen Kurr O'Rourke*
 *Pro Se Plaintiffs Kenneth O'Rourke Et al.*

DATED July 15, 2024.

SEMENZA RICKARD LAW

By: _____
Jarrod L. Rickard, Esq., Bar No. 10203
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Assured Real Estate, Inc., Joseph Yakubik,*
*Phoebe Fricke, Joshua Dana, and Written Warfare Investments, LLC,*

DATED July 15, 2024

BOYACK ORME & MURDY
By: _____
Patrick A. Orme, Esq.
Nevada Bar #7853
7432 W. Sahara Ave.,
Las Vegas, Nevada 89117
*Attorneys for Defendants Colonial Property Management,*
*Palm Hills Homeowners Association, Tricia Hall, and Kim Van Heel*

**ORDER**

IT IS HEREBY ORDERED that the following deadlines shall be effective in this case:

1. The Discovery Cut-Off shall be: **Thursday, July 10, 2025**.

2. The Deadline to file Motions to Amend Pleadings and Add Parties shall be: **Wednesday , April 9, 2025.**

3. The deadline for the initial expert disclosures, in accordance with FRCP 26(a)(2) shall be: **Friday, May 9, 2025,** while the deadline for rebuttal expert disclosures shall be: **Monday, June 9, 2025.**

4. The deadline for filing dispositive Motions shall be: **Monday, August 11, 2025**.

5. The deadline for the Joint Pre-Trial Order shall be: **Tuesday, September 10, 2025**. This deadline will be suspended if dispositive motions are timely filed, until 30 days after the decision of the dispositive motions or until further order of the Court.

6. In accordance with LR 26-3, any stipulation or motion must be made no later than twenty-one (21) days before the deadline sought to be extended.

7. ~~As contemplated by LR 26-1(c), before moving for an order relating to discovery, the movant shall request a conference with the magistrate judge assigned to this case.~~

8. Pursuant to the Parties' agreement memorialized in Part III(H) of the foregoing Discovery Plan, a settlement mediation will be scheduled through this Court by separate order.

IT IS FURTHER ORDERED that the Court modifies the plan to reflect that the parties shall meet and confer and brief any discovery disputes in accordance with Local Rule 26-6.

DATED: 7/17/2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED July 15, 2024.

By: __Charleen Kurr ORourke_____
    Charleen Kurr O'Rourke
    Pro Se Plaintiffs Kenneth O'Rourke Et al.

DATED July 15, 2024.

SEMENZA RICKARD LAW

By: _____
Jarrod L. Rickard, Esq., Bar No. 10203
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Assured Real Estate, Inc., Joseph Yakubik,
Phoebe Fricke, Joshua Dana, and Written Warfare Investments, LLC,*

DATED July 15, 2024

BOYACK ORME & MURDY
By: _____
Patrick A. Orme, Esq.
Nevada Bar #7853
7432 W. Sahara Ave.,
Las Vegas, Nevada 89117
*Attorneys for Defendants Colonial Property Management,
Palm Hills Homeowners Association, Tricia Hall, and Kim Van Heel*

Kenneth O'Rourke et al
2729 Coventry Green Ave.
Henderson, NV 89074
702-677-1959
ckurrorourke@gmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH O'ROURKE et al Plaintiffs, Kim Van Heel et al, Defendants, | Case No. : 2-22-cv-00689-RFB-DJA **CERTIFICATE OF SERVICE** |

I hereby certify THAT ON THE 15th day of May, 2024, a true and correct copy of the Stipulated Discovery Plan and Order via the CM/ECF electronic Filing system upon each party in the case who is registered as an electric case filing user with the Clerk

/s Charleen Kurr ORourke
Pro Se Plaintiff Charleen Kurr ORourke