UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Kenneth O'Rourke; Cathleen O'Rourke; and Kassidy O'Rourke,<br><br>Plaintiffs,<br><br>v.<br><br>Assured Real Estate, Inc.; Joseph Yakubik,; Written Warfare Investments, LLC; Colonial Property Management; Trish Hall; Kim Van Heel; and Palm Hills HOA Board,<br><br>Defendants.<br><br>And related cross claims. | Case No. 2:22-cv-00689-RFB-DJA<br><br>**Order** |

Before the Court are three motions for exception from settlement conference. (ECF No. 89, 90, 91). The Court addresses each below.

**I.     Phoebe Fricke's motion for exception.**

First is Defendant Phoebe Fricke's motion for exception from participating in the December 4, 2024, settlement conference. (ECF No. 89). Fricke asks to be exempt from the settlement conference, but be available by phone if needed. She explains that, although Plaintiffs named her as a Defendant in her individual capacity, she was not involved in the underlying facts other than in her capacity as an employee of Assured, so Assured would handle any settlement. Plaintiffs oppose, arguing that they named Fricke as an individual because she "was the person making the decisions regarding giving permission to attend the HOA meetings and managing the contract with Colonial Property Management." (ECF No. 92). Plaintiffs do not, however, oppose Fricke attending virtually. Fricke reiterates in reply that she only had contact with Plaintiffs in her capacity as an Assured employee and that she is unable to take the day off of work or attend virtually, so if she were ordered to her counsel would move to reschedule the conference. (ECF No. 93). She reiterates that any information she may have will be in the hands of Defendants

Joshua Dana and Joseph Yakubik, who are appearing for Defendants Assured and Written Warfare Investments, LLC.

The Court finds good cause to grant Fricke's request to be excused from the settlement conference. Fricke must be available by telephone for the duration of the conference, but she need not attend in person or virtually. The Court grants Fricke's motion.

## II. Colonial Property Management, Trish Hall, and Kim Van Heel's motion for exception.

Colonial Property Management, Trish Hall, and Kim Van Heel request to be exempt from the conference entirely. (ECF No. 90). Palm Hills HOA requests that its insurance representative—who lives in Pennsylvania—also be exempt from the conference, but be available by phone if needed. These parties explain that the Palm Hills HOA client representative will attend in person along with their attorney. But otherwise, they are all aligned and their insurer is providing a defense for all parties. Plaintiffs oppose, arguing that the insurance representative should be available in person or via zoom and not just by phone. (ECF No. 94). They add that the current president of the Palm Hills HOA—Kayla Drobnik—has no knowledge of the case and thus cannot add anything to the settlement conference. Plaintiffs instead ask that the HOA board members attend. Plaintiffs also assert that they named Colonial Property Management, Trish Hall, and Kim VanHeel personally because they were personally involved and should be required to attend.

The Court finds that Colonial Property Management, Trish Hall, and Kim Van Heel need not attend the conference in person, but must do so virtually because these parties provide no reason why they cannot attend other than their contention that they are covered by insurance. Similarly, the Palm Hills HOA insurance representative must attend virtually as well because the representative provided no reason why they could not attend. The Court declines to allow Plaintiffs to determine who is an appropriate representative for the Palm Hills HOA and denies their request to require the entire board to attend. The Court grants Colonial Property Management, Trish Hall, and Kim Van Heel's motion in part and denies it in part.

### III. Kassidy Dinkins' motion for exception.

Kassidy Dinkins (previously Kassidy O'Rourke) moves for exception from personal attendance at the settlement conference. (ECF No. 91). She requests that she be allowed to attend by zoom or telephone. She explains that she lives in Washington but her job would only give her a single day off to travel. She adds that the single-day travel would be hard on her body given her type one diabetes. The Court finds good cause to grant Kassidy Dinkins' motion for exception, finding that she has demonstrated good cause.

### IV. Converting to virtual.

Because it is difficult to hold a conference where some attendees are virtual and others are in-person, the Court converts the entire conference to a virtual conference.

**IT IS THEREFORE ORDERED** that Fricke's motion (ECF No. 89) is **granted.** Fricke need not attend the settlement conference but must be available by phone for the duration of the conference.

**IT IS FURTHER ORDERED** that Colonial Property Management, Trish Hall, and Kim Van Heel's motion (ECF No. 90) is **granted in part and denied in part**. It is granted in part because the Court excepts the parties from in-person attendance. It is denied in part regarding Colonial Property Management, Trish Hall, Kim Van Heel, and the Palm Hills HOA's insurance representative's request to simply be available by phone. Colonial Property Management, Trish Hall, Kim Van Heel, the Palm Hills HOA, and the Palm Hills HOA's insurance representative must each attend the conference virtually.

**IT IS FURTHER ORDERED** that Dinkins' motion (ECF No. 91) is **granted.** Dinkins must attend the conference virtually.

**IT IS FURTHER ORDERED** that the settlement conference scheduled for December 4, 2024, at 10:00 a.m. will proceed **virtually via videoconference.** Each attendant must provide the Court with their email address by sending an email to Angela_Reyes@nvd.uscourts.gov on or before **December 2, 2024.** That email must include the following: (1) the email address to which

the attendant wishes the Court to send the conference invite; (2) the case number; and (3) the case name.

**IT IS FURTHER ORDERED** that, although the conference is proceeding via videoconference, the attendants must demonstrate the same decorum that is expected at in-person hearings. Specifically, the attendants are expected to appear via video (not just via audio) and must not engage in any distracting behavior like driving, walking around, and completing other tasks. The Court may end the conference if the attendants do not abide by this directive.

DATED: November 27, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE